IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THELMA COLETTA                                                                                    PLAINTIFF

vs.                                               Civil No. 2:15-cv-02254

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Thelma Coletta ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on July 6, 2009. (Tr. 134-142). In her applications, Plaintiff alleges being disabled due to lupus, thyroid problems, and back problems. (Tr. 178). Plaintiff alleges an onset date of April 30, 2009. (Tr. 134, 136). These applications were denied initially and again upon reconsideration. (Tr. 80-83).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her denied applications. (Tr. 98). This hearing request was granted, and Plaintiff's first administrative hearing was held on June 29, 2010 in Fort Smith, Arkansas. (Tr. 39-79). Subsequent to this hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 24-34). Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded back to the ALJ. (Tr. 654-662).

Subsequent to that remand, the ALJ held a second administrative hearing on March 3, 2014 in Fort Smith, Arkansas. (Tr. 787). The ALJ then entered a second fully unfavorable decision on September 5, 2014. (Tr. 597-612). In that decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 602, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2009, her alleged disability onset date. (Tr. 602, Finding 2). The ALJ determined Plaintiff has the following severe impairments: musculoskeletal disorder (back disorder, lumbar degenerative disc disease post surgery X2) (7240), musculoskeletal disorder (other and unspecified arthropathies, left shoulder joint post-surgery and history of right long finger surgery) (7160), neurological disorder (carpal tunnel syndrome, post right carpal tunnel release surgery) (3540), endocrine disorder (thyroid disorder) (24060), and immune system disorder (inflammatory arthropaties, systemic lupus erythematosus) (7140). (Tr. 602-603, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 604-605, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 605-609, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the capacity to perform a wide range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: The claimant cannot climb ladders, ropes or scaffolds.  The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  The claimant can occasionally reach or work overhead with the dominant left upper extremity.  The claimant can frequently, but not constantly, reach in all other directions with the left upper extremity.  The claimant cannot engage in rapid, repetitive flexion or extension of the right wrist.

*Id.*

Considering her RFC, the ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW") during the relevant time period. (Tr. 610, Finding 6).  The ALJ determined Plaintiff was forty-six (46) years old on her alleged onset date. (Tr. 610, Finding 7).  Such a person is categorized as a "younger person" pursuant to 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c).  The ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 610, Finding 8).

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 610-611, Finding 10).  Vocational Expert ("VE") Larry Seifert testified at the administrative hearing regarding this issue. *Id.*  Notably, the ALJ determined that a hypothetical person with Plaintiff's age, education, work experience, and RFC retained the capacity to perform work as a credit card callout clerk (sedentary, unskilled) with 16,397 such jobs in the United States and 117 such jobs in Arkansas and as a charge account clerk (sedentary, unskilled) with 33,980 such jobs in the United States and 382 such jobs in Arkansas. *Id.*  Accordingly, the ALJ determined Plaintiff retained the capacity to perform this other work. *Id.*  Based upon this finding, the ALJ then found Plaintiff had not been under a disability, as defined in

the Act, from April 30, 2009 through March 8, 2013. (Tr. 611, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 621). On September 29, 2015, the Appeals Council denied Plaintiff's request for review. *Id.* On December 2, 2015, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11.  Specifically, Plaintiff claims the following: (1) the

ALJ's decision is not based upon a "correctly phrased" hypothetical question that includes all of the limitations from her impairments; (2) the ALJ's decision is not factually supported by substantial evidence; (3) the ALJ failed to discuss the weight afforded to her treating physician's opinions; and (4) the ALJ failed to give her treating physician's opinions controlling weight. ECF No. 11 at 15-16. Because the Court finds the ALJ did not properly consider the opinions of her treating physician, the Court will only address Plaintiff's third argument for reversal.

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence because the ALJ improperly characterized the findings from her treating physician, Dr. David J. Flesher, and subsequently provided no valid reasons for discounting those findings. ECF No. 11 at 17. Upon careful review, the Court finds Plaintiff is correct with his argument. Notably, the ALJ made the following finding regarding Dr. Flesher's opinions: "Dr. Flesher provided a Work Status statement on October 1, 2009, expressing his opinion that the claimant had reached maximum medical improvement and was able to lift, carry, push, and pull ten pounds and *work overhead or away from the body unlimited* in the left upper extremity." (Tr. 608) (emphasis added).

This, however, was a clear misstatement of Dr. Flesher's opinions. Indeed, as Plaintiff noted, on October 1, 2009, Dr. Flesher *actually* found the following:

> **WORK STATUS**: She needs permanent restrictions which include restricted lift/carry and push/pull of 10 pounds and *no overhead work or away from body work* with the left arm.

(Tr. 301) (emphasis added).

In this case, the ALJ was required to give "good reasons" for discounting the findings of Dr. Flesher. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th

Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). In this case, since the ALJ improperly characterized Dr. Flesher's findings, not only did the ALJ not consider those findings but he also did not give "good reasons" for discounting those findings. Thus, this case must be reversed and remanded for further consideration of Dr. Flesher's findings.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of January 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE